UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | | |
|---|---|---|---|
| JESSE SUGGS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 4:24-CV-033-DCLC-SKL |
| | ) | | |
| WENDY NEWBERRY, KAYLA SMITH, | ) | | |
| QUALITY CORRECTIONAL CARE, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM & ORDER

Plaintiff, an inmate in the Lincoln County Jail, has filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of Defendants' alleged failure to provide him with certain medical care during his confinement [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, (1) Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and (2) Plaintiff will have thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth below.

I.  **FILING FEE**

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* that he cannot pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee, 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-

month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief

2

"above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

B. Allegations

In his complaint, Plaintiff complains that an unspecified nurse treated his hernia only with ibuprofen and stated that there was nothing else they could do, but he is still in pain [Doc. 1 p. 13]. Plaintiff also claims that despite him receiving a number of medical treatments for his left ear in the jail, he is still in pain, but the nurse told him that the medical provider said that they cannot do anything else [*Id.* at 13–14]. Plaintiff further states that unspecified medical providers checked his blood pressure for six days and put him on blood pressure medicine even though he has never had blood pressure issues in his life and that he thinks that his current blood pressure issue is likely due to the pain [*Id.* at 14]

Plaintiff has sued Wendy Dewberry, Kayla Smith,[1] and Quality Correctional Health Care [*Id.* at 1, 3]. As relief, Plaintiff requests that Defendants "fix[]" his two medical issues [*Id.* at 5].

C. Analysis

While Plaintiff has sued two individual Defendants, specifically Wendy Newberry and Kayla Smith, he does not identify which events of the complaint he attributes to each individual Defendant, as he must do to state a plausible claim for relief against as to each of them. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that

---

[1] Plaintiff spells this name differently in two places in his complaint [*Id.* at 1, 3]. The Court will use the spelling from the style of Plaintiff's complaint [*Id.* at 1].

3

the defendants were personally involved in the alleged deprivation of federal rights" to state a claim).

Additionally, while Plaintiff also names Defendant Quality Correctional Health Care, which the Court presumes is the entity responsible for providing medical care in the Lincoln County Jail, as a Defendant in his complaint, Plaintiff has not set forth any facts from which the Court can plausibly infer that this entity may be liable for his claims under § 1983. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (holding that a plaintiff seeking to hold a private entity liable for a violation of his constitutional rights must allege "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights (citing *Miller v. Sanilac,* 606 F.3d 240, 254–55 (6th Cir. 2010)).

Accordingly, Plaintiff shall have thirty (30) days from the date of entry of this order to file an amended complaint listing each alleged violation of his constitutional rights, in support of which he shall set forth a short and plain statement of facts and the entity(ies) and/or individual(s) he seeks to hold responsible for each such violation under § 1983.[2] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

### III.  CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

---

[2] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

6. Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth above;

7. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace his previous complaint [Doc. 1];

8. Also, Plaintiff is **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court without further warning; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER**:

s/Clifton L. Corker  
United States District Judge